UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ORALIE B. HAWKINS** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER  09-7460** |
| **MICHAEL J. ASTRUE**<br>**COMMISSIONER OF SOCIAL SECURITY**<br>**ADMINISTRATION** | **SECTION  "S" (3)** |

### REPORT AND RECOMMENDATION

Before the Court is a Petition for Attorney's Fees [Doc. #23] filed by plaintiff, Oralie B. Hawkins, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. The motion is opposed. [Doc. #25].  For the reasons stated below, it is RECOMMENDED that the motion be GRANTED IN PART, in that the Commissioner be ordered to pay attorney's fees in the amount of $4,000.00 (25 hours at $160.00 per hour).[1]

**I.    The EAJA and Number of Hours Claimed**

The EAJA provides that a court shall award attorney's fees and costs to a prevailing party in a civil action brought against the United States unless the court finds that the position of the government was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). A party who obtains a remand of a social security appeal pursuant to the

---

[1]    Plaintiff does not seek costs in her petition.

fourth sentence of Section 405(g) qualifies as a prevailing party for purposes of fees under the EAJA. *Breaux v. U.S.D.H.H.S.*, 20 F.3d 1324 (5th Cir. 1994). The prevailing party is entitled to fees unless the government meets its burden of showing that its position was substantially justified or that special circumstances make an award unjust. *Baker v. Bowen*, 839 F.2d 1075, 1080 (5th Cir. 1988).

On September 29, 2010, the District Judge entered judgment and remanded this case to the Commissioner for further proceedings. [Doc. #22]. The Commissioner does not contest that plaintiff is the prevailing party and entitled to an award of EAJA fees. Furthermore, the undersigned has reviewed the statement of charges submitted by plaintiff's counsel and has determined that the majority of the time spent on the services performed is reasonable.

The Commissioner challenges eight specific time entries, each entered in a .25 increment. The time entries reflect plaintiff's counsel's review of the letter attached to the order granting leave to proceed *in forma pauperis*, the executed summons, the order cancelling the call docket and the orders granting the motions for extension of time to file. Defendant argues that billing one-tenth (.1) of an hour (six minutes) more accurately reflects the amount of time necessary to review the above-listed documents.

The Court finds that billing in .25 increments for a review of what are at most one-page documents is unreasonable. *See, e.g., Sandoval v. Apfel*, 86 F. Supp. 2d 601, 615 (N.D. Tex. 2000) (reducing time by half for "receipt and review of simple notices, motions and court orders that were less than one page long); *Inman v. Apfel*, No. 3:97-CV-1273, 2000 WL 1221858, *3 (M.D. Fla. July 14, 2000) (reducing time "for each entry apparently rounded to the nearest quarter hour . . . by one eighth of an hour"); *Bowman v. Sec'y of H.H.S.*, 744 F. Supp. 898, 899-901 (E.D. Ark. 1989)

(reducing or disallowing billing entries of .25/hour for the receipt and review of short and simple motions and orders). The Court's review of the record reveals that there are ten time entries of .25/hour that should be reduced to .1/hour.[2] Accordingly, the Court will reduce the reasonable time expended by 1.5 hours to 25 hours.

**II.     Hourly Rate**

In the petition, plaintiff's attorney seeks to recover fees at an hourly rate of $174.62. For the following reasons, the Court finds that such an hourly rate is inappropriate under the EAJA in this district. Louisiana federal courts have noted that the EAJA provides in relevant part that the amount of fees awarded

> shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor. . . justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A).

The EAJA "vests the district courts with discretion to arrive at a reasonable rate for attorneys' fees based on cost-of-living adjustments and other factors." *Yoes v. Barnhart*, 467 F.3d 426, 426 (5th Cir. 2006) (citation omitted). Although courts are clearly authorized to figure cost of living increases into the hourly rate, courts within this district and within this state have often declined to award EAJA fees in excess of $125 per hour. *See e.g., Passaro v. Barnhart*, No. 04-1300, 2005 WL 1432368 (E.D. La. Mar. 27, 2005) (Barbier, J.) (finding that $125 fee satisfies the purposes of the

---

[2]     The two entries that defendant did not cite are:
        12/03/09     Review of Order Granting Motion for Leave to Proceed In Forma
                     Pauperis; and
        02/19/10     Review and docket Order for Docket Call set for 3/24/10

act); *Buras v. Barnhart*, No. 01-618, 2004 WL 74315 (E.D. La. Jan. 14, 2004) (Zainey, J.) (collecting cases and finding that $125 is the accepted fee in the district); *Knight v. Barnhart*, No. 02-1741, 2003 WL 21467533 (E.D. La. June 20, 2003) (Vance, J.) (same); *Jackson v. Barnhart*, No. 01-1911, 2002 WL 927799 (E.D. La. May 7, 2002) (Barbier, J.) (same). Only recently has this federal court awarded an hourly rate higher than $125. *See Brown v. Astrue*, Civ. A. No. 07-6933, 2008 WL 4186877 (E.D. La. Sept. 9, 2008) (awarding hourly rate of $150 under the EAJA).[3]

When a given locale has experienced a significant change in the cost of living, the court may increase the hourly rate beyond the nominal statutory cap. *Baker v. Bowen*, 839 F.2d 1075, 1084 (5th Cir. 1988). The rate need not precisely track the cost of living increase for the geographical area, but instead should be calculated "only to the extent necessary to ensure an adequate source of representation." *Id.*

The Fifth Circuit has held "that cost-of-living adjustments under the EAJA must be made to reflect the appropriate rate in the year in which the services were rendered." *Perales v. Casillas*, 950 F.2d 1066, 1076 (5th Cir. 1992). Therefore, EAJA fees must be adjusted yearly. To do otherwise "in effect award[s] interest for the . . . delay in payment" and "is a prohibited award of interest against the United States." *Id.* at 1076-77. According to the Court's calculation, the cost of living in this area increased approximately 39.7 percent between March 1996, when Congress

---

[3] There is a plethora of more recent case law from the Western and Middle Districts of Louisiana but scant law from this district. The case law from the other Louisiana federal districts appears to follow *Brown v. Astrue* in their award of hourly rates under the EAJA. *See, e.g., Dauntain v. Comm'r of Social Sec.*, Civ. A. No. 07-CV-1532, 2009 WL 1010211 (W.D. La. Apr. 11, 2009) (following *Brown* and awarding hourly rate of $150 under EAJA).

implemented the $125 cap, and 2010, the year during which the majority of the instant services were rendered. *See, e.g., Richards v. Astrue*, Civ. A. No. 07-1020, 2008 WL 4544374 (W.D. La. Oct. 7, 2008) (noting that claimant argued that Consumer Price Index ("CPI") increased by 34.89 percent through December 2007).[4] This change is not insignificant. Increasing the $125 statutory cap by 39.7 percent would result in an hourly rate of approximately $174.63. Absent other circumstances, however, the original $125 per hour reflected the *maximum* rate to be awarded under the EAJA. Thus, the CPI adjusted rate range of $174.63 contemplates the maximum rate that could be awarded today. *Baker*, 839 F.2d at 1084 (holding that increased rate may never exceed the percentage by which the market rate increased since statute enacted).

After due consideration of prevailing market conditions and the healthy community of social security practitioners in this area, the Court is inclined to implement an hourly rate of $160 per hour for this, and future, EAJA petitions. *See Brown v. Astrue*, Civ. A. No. 07-6933, 2008 WL 4186877 (E.D. La. Sept.9, 2008) (settling on an hourly rate of $ 150). Accordingly, the Court recommends an attorney-fee award in the amount of $4,000.00 (25 hours at $160.00/hour).

---

[4] In *Zamora v. Astrue*, the court calculated the cost of living adjustment by comparing the CPI for March 1996, the year in which the $125 EAJA rate became effective, with the CPI for the period when the services were rendered. Civ. A. No. C-08-187, 2009 WL 311312 *6, n.1 (S.D. Tex. Feb. 9, 2009). To discern the percentage CPI increase, the court subtracted the March 1996 CPI for All Urban Consumers (155.7) from the then-current CPI and divided the difference by the March 1996 CPI for All Urban Consumers (155.7). *Id.*
In this suit, the CPI in March 1996 was 155.7. The CPI in March 2010 – the mid-point for the services rendered here – was 217.631. Accordingly, this reflects an increase of 39.7% (217.631-155.7/155.7).

### III.     To Whom Defendant Shall Remit the Award

Because plaintiff here executed an assignment of the EAJA fees and expenses to Brian Paul Spurlock of the Disability Law Center, plaintiff's counsel asks that the Commissioner remit the award directly to him.  The Commissioner disagrees, arguing that the fee award is payable directly to the litigant.

This issue requires little deliberation.  In *Astrue v. Ratliff*, the United States Supreme Court explicitly held "that a § 2412(d) fees award is payable to the litigant" because the government has a statutory right to offset such a fee award to satisfy a pre-existing debt that the litigant may owe to the United States. – U.S. –, 130 S. Ct. 2521, 2524 (2010).  There, the Supreme Court held that the term "prevailing party" in the EAJA refers only to the litigant and not to the litigant's attorney.  *Id.* at 2525-26.  As Justice Sotomayor explained in her concurring opinion, "The EAJA does not legally obligate the Government to pay a prevailing litigant's attorney, and the litigant's obligation to pay her attorney is controlled not by the EAJA but by contract and the law governing that contract." *Id.* at 2530 (Sotomayor, J., concurring).  Accordingly,

**IT IS RECOMMENDED** that the Petition for Attorney's Fees be GRANTED IN PART, in that the Commissioner be ordered to pay attorney's fees to the litigant, Oralie B. Hawkins, in the amount of $4,000.00 (25 hours at $160.00 per hour).

### NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge;

and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 24th day of November, 2010.

_____
**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**